UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARGIE ELAINE GROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:15-CV-181-AGF |
| | ) |
| SOUTHEAST HOSPITAL ASSOCIATION, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion for partial dismissal (Doc. No. 12). Plaintiff, appearing pro se, submitted a response to the motion (Doc. No. 20). For the reasons stated herein, Defendant's motion will be granted.

## BACKGROUND

Plaintiff, a former employee of Defendant Southeast Hospital Association, filed the instant employment discrimination case against Defendant alleging discrimination based on race, color, disability, and age in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). Plaintiff also alleges retaliation.

Plaintiff worked for Defendant from 1978 until her termination in 2014. She was employed as a nurse assistant, and later became a physical therapy technician. Plaintiff alleges that, beginning in mid-2013, a new supervisor began engaging in discriminatory

1

behavior against Plaintiff. Among other incidents, Plaintiff alleges "bullying" and mistreatment during a performance evaluation with a different supervisor. Plaintiff alleges that discrimination was based on her race (African American), age (Plaintiff alleges she was 57 years old at the outset of the discrimination), and purported disability, which Plaintiff describes only as "an increase in my heart rate, blood pressure, and anxiety." (Doc. No. 1 at 10.) Ultimately, Plaintiff began a medical leave of absence for her disability, described as "[increased] heart rate, blood pressure, and anxiety," on March 7, 2014. (Doc. No. 14-1.) She remained on leave through the date of her termination, October 3, 2014.

Plaintiff appears to have filed three separate charges of discrimination. The first, EEOC Charge No. 560-2014-01084, is dated May 22, 2014 ("May Charge"), and checks boxes for race and age discrimination. The second, EEOC Charge No. 560-2014-0143, is dated September 15, 2014 ("September Charge"), and checks boxes for race, age, and disability discrimination, as well as retaliation. Finally, the third charge, EEOC Charge No. 560-2015-00453, is dated December 11, 2014 ("December Charge"), and also checks boxes for race, age, and disability discrimination, as well as retaliation.

The May Charge alleges November 14, 2013, through May 14, 2014, as the "date(s) discrimination took place." Generally, the May Charge asserts that Defendant discriminated against Plaintiff by denying her requested leave of absence for December 30, 2013, through January 10, 2014; docking her leave for "unofficial time off"; as well as purported discrimination during her performance evaluation of March 5, 2014. (Doc. No. 1-1.) The September Charge reiterates these same incidents and allegations. It

alleges November 14, 2013 (the same start date as the May Charge), through September 11, 2014, as the "date(s) discrimination took place," and further asserts that the actions were in retaliation for complaining about race discrimination. (Doc. No. 14.)

The December Charge again asserts many of the same instances of purported discrimination. In addition, it alleges that Plaintiff was discharged in retaliation for filing her previous charges of discrimination, and that Defendant violated the law by failing to engage in a legally required process regarding Plaintiff's need for an accommodation. It alleges March 5, 2014, through "present" (December 11, 2014) as the "date(s) discrimination took place." Plaintiff began a medical leave of absence on March 7, 2014, and remained on leave through October 3, 2014, when Defendant sent a letter terminating her employment. Thus, the period covered by Plaintiff's December Charge is limited to her final few days of actual work for Defendant, through the date of her termination.

Plaintiff alleges in her complaint that she received a Right to Sue letter, but she attached only a Notice of Right to Sue dated July 15, 2015, which corresponds to the December Charge. Defendant points out that in fact, a Right to Sue letter corresponding to the May Charge was also issued by the EEOC on June 6, 2014, and a Right to Sue letter corresponding to the September Charge was issued on September 25, 2014. As such, Defendant contends in the instant motion that Plaintiff's claims are time-barred to the extent they are based on events or incidents invoked in the May Charge or the September Charge, because Plaintiff's lawsuit was not brought within 90 days of the Right to Sue letters corresponding with those charges.

Plaintiff did not initially respond to Defendant's motion to dismiss, but did so after the Court issued an order to show cause why the complaint should not be dismissed. (Doc. No. 20.) However, while Plaintiff reiterates numerous allegations of unfair and discriminatory treatment, she makes no response to Defendant's arguments regarding the right to sue letters.

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, it is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Iqbal*, 556 U.S. at 678; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (internal quotation omitted).

Pro se pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney. *Nickless v. Saint Gobain Containers*, No. 4:11CV1514 CAS, 2012 WL 1414849, at *4 (E.D. Mo. Apr. 24, 2012) (citing *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994)). *See also Russell v. City of Overland Police Dept.*, 838 F. Supp. 1350 (E.D. Mo. 1993). Nevertheless, "pro se pleadings must not be conclusory and must state sufficient facts which, when taken as

true, support the claims advanced." *Nickless*, 2012 WL 1414849, at *4 (citing *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

## DISCUSSION

Defendant argues that Plaintiff's claims under Title VII and the ADA are untimely. Before a plaintiff is allowed to proceed in federal court under Title VII, she must exhaust her administrative remedies. 42 U.S.C. § 2000e–5(b), (c), (e). To exhaust administrative remedies, the plaintiff "must timely file her charges with the EEOC and receive, from the EEOC, a 'right to sue' letter." *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996). Upon receipt of the right-to-sue letter from the EEOC, the plaintiff has 90 days to file suit in court. *See* 42 U.S.C. § 2000e–5(f)(1); *Thomas v. KATV Channel 7*, 692 F.2d 548, 550 (8th Cir. 1982) ("within ninety days after the EEOC provides notice to 'the person aggrieved' suit may be filed in federal district court"). This statutory 90–day filing period generally "begins to run on the day the right to sue letter is received" by the aggrieved person. *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989); *see also* 29 C.F.R. § 1601.28(e) (providing that a right-to-sue letter includes notice of the right to bring a civil action "within 90 days from receipt" of notice).

The Eighth Circuit has explained that if a lawsuit is not brought within the statutory filing period, a subsequent charge of discrimination based on the same purported discrimination will not extend the time to bring a lawsuit. *Spears v. Mo. Dep't of Corr. & Human Res.*, 210 F.3d 850 (8th Cir. 2000). In *Spears*, the Court explained:

> It is undisputed that Spears did not file suit within 90 days of receiving a right to sue letter on her 1992 charge. Spears is therefore barred from asserting a claim of retaliation based upon the acts asserted in this charge. *See Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) (plaintiff who timely filed suit on second EEOC charge was barred from asserting claims based on events which formed basis of prior EEOC charge that was not timely sued upon). Furthermore, the fact that Spears's January 1993 EEOC charge and the ensuing right to sue letter reiterated these acts does not remove this bar. *See Soso Liang Lo v. Pan Am. World Airways, Inc.*, 787 F.2d 827, 828 (2nd Cir. 1986) (per curiam) (where plaintiff failed to timely bring suit after receiving right to sue letter on first EEOC charge, subsequent charge and right to sue letter did not revive claims asserted in first charge).

*Id.* at 853. Additionally, in *Williams*, the Eighth Circuit explained that a subsequently-filed charge of discrimination is to encompass only those claims expressly alleged in it; it is not to be read so broadly as to encompass previously-asserted claims. *Williams*, 21 F.3d at 223 ("The [subsequent] charge does not even hint of a claim of race discrimination . . . the only claim properly addressed by EEOC administrative processes was that of retaliation.").

Thus, in the instant matter, Plaintiff is barred from asserting claims based on the allegations included in the first two charges of discrimination. Such claims include the allegations related to the denial of Plaintiff's requested leave of absence in December 2013, the "unofficial time off" assessment, and the purported discrimination during Plaintiff's performance evaluation of March 5, 2014. Plaintiff's complaint will be dismissed to the extent it relies upon these incidents.

However, Plaintiff's complaint will survive to the extent it alleges discriminatory action occurring after September 11, 2014 (the end-date expressed in the September Charge), or to the extent it relies upon alleged discrimination not fairly described in the May Charge or September Charge. Most notably, Plaintiff's actual termination was dated October 3, 2014; therefore, her ability to assert a claim of retaliatory discharge is not compromised by the earlier-issued Right to Sue letters. The claims contained in Paragraphs 24-29 of the attachment to Plaintiff's complaint also, generally, are not barred. These include claims premised on Defendant's alleged failure to accommodate Plaintiff's medical condition, and retaliation related to Plaintiff's request for unemployment benefits.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss (Doc. No. 12) is **GRANTED**. Plaintiff's claims are dismissed to the extent they allege discrimination or retaliation described in EEOC Charge No. 560-2014-01084, dated May 22, 2014, or EEOC Charge No. 560-2014-0143, dated September 15, 2014. Plaintiff's only surviving claims are those predicated on events first alleged in EEOC Charge No. 560-2015-00453, dated December 11, 2014.

Dated this 12th day of May, 2016.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE