UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MARGIE ELAINE GROSS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:15CV00181 AGF |
| SOUTHEAST HOSPITAL ASSOCIATION, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Margie Elaine Gross's motion (Doc. No. 41) for leave to file an amended complaint. Defendant Southeast Hospital Association filed a memorandum in opposition, and Plaintiff thereafter submitted a reply. The motion is fully briefed and ready for disposition. For the reasons stated below, the Court will grant Plaintiff's motion.

Plaintiff filed her original complaint pro se on October 15, 2015, alleging employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and the Age Discrimination in Employment Act of 1967 (the "ADEA"), as amended, on the basis of Plaintiff's race, color, disability, and age.

Now represented by counsel, Plaintiff seeks the Court's leave to file an amended complaint, adding, in addition to her claims under Title VII and the ADEA, claims under the Missouri Human Rights Act (the "MHRA"), Title I of the Americans with Disabilities

Act (the "ADA"), and common law. Plaintiff again alleges discrimination on the basis of her race, color, disability, and age. She also states that she has exhausted all administrative remedies, and has initiated this action within 90 days of receiving a Notice of Right to Sue from the Missouri Commission on Human Rights, and within the time discussed by the Court's Amended Case Management Order (Doc. No. 37).

In response, Defendant argues, *inter alia*, that Plaintiff's motion should be denied because the amended complaint is futile and raises allegations that have already been dismissed by the Court's Memorandum and Order entered May 12, 2016 (Doc. No. 26). More specifically, Defendant contends that Plaintiff's amended complaint contains Title VII, ADEA, and ADA claims based on allegations that have already been dismissed or were not covered by the Equal Employment Opportunity Commission charge at issue. Defendant further argues that Plaintiff's MHRA claims are untimely on their face, and that her common law claim is preempted by the Missouri Workers' Compensation Act. Defendant also contends that the continuing violation exception to the statute of limitations for discrimination claims under Missouri law does not apply to this case.

In reply, Plaintiff asserts that she has met the standard for granting leave to amend, and that the standard for denying such a motion for futility is difficult to meet. Plaintiff further asserts that she requested leave to amend her complaint within the time allowed by the Court's Case Management Order, and that she has pleaded her claims with sufficient factual and legal basis. Last, Plaintiff states that Defendant's opposition brief is in actuality a motion to dismiss which asks the Court to decide the merits of Plaintiff's case.

# DISCUSSION

Under Rule 15(a)(2), Fed. R. Civ. P., "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "A district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (citation and internal quotations omitted). This Court has found that the "standard for dismissing a motion to amend because of futility is stringent." *Coller v. Doucette*, 4:09CV00780 AGF, 2010 WL 319652, at *1 (E.D. Mo. Jan. 20, 2010). Here, Plaintiff alleges facts that, if true, plausibly establish claims under federal and state law.

The Court rejects Defendant's contentions that the proposed amended complaint is futile. "[A] party's motion to amend should be dismissed on the merits only if it asserts clearly frivolous claims or defenses. Likelihood of success on the new claim is no basis for denying an amendment unless the claim asserted therein is clearly frivolous. *Id.* (quoting *Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d 1244, 1255–56 (8th Cir. 1994)). Although Defendant may assert valid defenses to Plaintiff's new claims, the Court cannot hold at this time that the proposed amended complaint is clearly frivolous and thus futile. The Court therefore finds that Plaintiff has met the standard for granting leave to amend her complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion (Doc. No. 41) for leave to file

an amended complaint is **GRANTED**.  The Clerk of Court shall detach pages 3–17 of Doc. No. 41 and file it as Plaintiff's First Amended Complaint.  Further, the Clerk of Court shall detach Doc. No. 41-1 and file it as an exhibit to Plaintiff's First Amended Complaint.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of December, 2016